IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JASBIR SINGH,

   **Plaintiff,**

v.

RANJIT SINGH BRAR,
ROYAL MALWA, INC., and
PROGRESSIVE PREFERRED
INSURANCE COMPANY,

   **Defendants.**

Case No. 21-1102-DDC-TJJ

## MEMORANDUM AND ORDER

Defendants removed this case to federal court on April 16, 2021. Doc. 1 (Notice of Removal). They allege subject matter jurisdiction exists on the basis of diversity among the parties. *See id.* at 3 (Notice of Removal ¶ 10) ("Defendants' removal of this action is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332."). But defendants didn't supply the requisite information for the court to determine defendant Royal Malwa Inc.'s citizenship. *Id.* (Notice of Removal ¶ 14). Accordingly, the court issued a Show Cause Order directing defendants to provide the missing information about Royal Malwa's citizenship—*i.e.*, the location of the company's principal place of business. *See generally* Doc. 9 (Order to Show Cause). Defendants timely responded (Doc. 11). And, the court finds, they've shown good cause why the court shouldn't remand their case for lack of subject matter jurisdiction.

Defendants already explained—in their Notice of Removal—that: (1) plaintiff is a California citizen; (2) defendant Ranjit Singh Brar is an Ohio Citizen; (3) defendant Progressive Preferred Insurance Company is an Ohio citizen; and (4) Royal Malwa "is a corporation

organized under the laws of Ohio." Doc. 1 at 3 (Notice of Removal ¶¶ 12–15). And now they've provided that Royal Malwa's principal place of business is in Beavercreek, Ohio. Doc. 11 at 1 (citation omitted). So, they've alleged sufficiently that Royal Malwa—along with the other defendants in this case—is an Ohio citizen for purposes of diversity jurisdiction, which means this case involves "citizens of different States[.]" 28 U.S.C. § 1332(a)(1); *see also Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013) ("[W]hen evaluating diversity jurisdiction, a corporation is considered domiciled where it is incorporated and where it has its principal place of business[.]" (citation and internal quotation marks omitted)).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants have shown good cause why the court shouldn't remand this action for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**Dated this 5th day of May, 2021, at Kansas City, Kansas.**

> s/ Daniel D. Crabtree
> **Daniel D. Crabtree**
> **United States District Judge**